UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| SHIRLETTA SALES, | |
| Plaintiff, | |
| | Case No. 3:18-cv-00158 |
| v. | |
| | JUDGE WALTER H. RICE |
| I SUPPLY COMPANY, et al., | MAGISTRATE JUDGE NEWMAN |
| Defendants. | |

## AGREED PROTECTIVE ORDER

UPON agreement of the Parties and for good cause shown, this Court ORDERS as follows:

WHEREAS, documents and information have and may be sought, produced, or exhibited by and among the parties to the above-referenced action, as well as by non-parties, which relate to alleged trade secrets and confidential information, including but not limited to research, development, technology, business plans, customer lists, customer information, pricing information, employee information, or other proprietary information belonging to Plaintiff, Defendants, and/or non-parties;

THEREFORE, this Agreed Protective Order is necessary to protect such alleged trade secrets and confidential information and such protection shall be had according to the following terms:

1. Any information or document submitted and/or produced, either voluntarily or pursuant to any subsequent order or subpoena in this action, which is asserted by any of the parties, or by the producing entity, to contain or constitute a trade secret or other confidential or proprietary

1

information, shall be so designated by said party or producing entity in writing. Information or documents so designated shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL," as outlined in Paragraph 2 below. Reasonable attempts shall be made by the parties to avoid affecting the readability of the document by the placement of the "CONFIDENTIAL" designation. All transcripts of oral testimony, and any exhibits referenced during such testimony, as well as the oral testimony itself, shall be deemed to be designated as "CONFIDENTIAL" for a period of twenty (20) days from receipt. Any person or entity may, within twenty (20) days of the receipt of a transcript of oral testimony designate the testimony or any exhibits referenced therein as "CONFIDENTIAL" or by so notifying the other parties of such designation in writing. Only those portions of the transcript of oral testimony shall be designated as "CONFIDENTIAL" by reference to pages and/or line numbers that are "CONFIDENTIAL." Any document or information marked as "CONFIDENTIAL" shall be used exclusively and solely for purposes of this litigation and for no other purpose whatsoever.

2. The producing party or entity shall designate as "CONFIDENTIAL" information which the party believes in good faith pertains to its business, its employees, customers, or directors, and is not generally known or available to outside parties, and would not be revealed to third parties. These designations shall be made at the time that the information is produced to the other party or within twenty (20) days thereafter. Any documents already produced by the parties to this case can be marked "CONFIDENTIAL," by notifying the other party, for thirty (30) days following the date of this Order.

3. In the absence of prior written permission from the individual or entity asserting confidential treatment or an order by the Court, any confidential documents or information

1677334v1
70577.17313

submitted or produced in accordance with the provision of paragraph 1, above, that are marked "CONFIDENTIAL" shall not be disclosed to any person other than: (i) the parties and their attorneys representing them in the above-captioned action, including any necessary support personnel assisting such attorneys, (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel; (iii) technical experts or other expert witnesses and their staff who are employed for purposes of this litigation, (iv) the Court and any personnel of the Court, including members of any jury impaneled to hear this case, (v) lay witnesses, provided that the party intending to question such lay witness gives five (5) days prior notice of such examination to the producing or submitting party so that such party may have an opportunity to seek a protective order if necessary, and (vi) the producing or submitting party during its deposition or testimony.

4. Confidential information submitted in accordance with the provisions of paragraph 1, above, shall not be made available to any person designated in paragraph 3(iii) or (v) unless such person shall have first read this order, agreed to be bound by the terms thereof as set forth in the attached Exhibit A, agreed not to reveal such confidential information to anyone other than persons designated in paragraph 3, above, and agreed to utilize such confidential information solely for the purpose of this litigation. In any event, Counsel of record for each party shall maintain control of the master copy of any document produced under the "CONFIDENTIAL" and shall not allow persons designated in Paragraph 3(v) to maintain copies of these documents.

5. If the Court orders, or if the parties agree, that access to, or the dissemination of, information submitted or marked as "CONFIDENTIAL" shall be made to persons not included in

paragraph 3, above, all such persons shall be subject to the terms and conditions of this Agreed Protective Order with respect to any such confidential information.

6. Any confidential information submitted to the Court in connection with a motion, trial, or other proceeding within the purview of this lawsuit shall be submitted as set forth in paragraph 1, above, under seal and shall be maintained by the Clerk of Courts under seal until otherwise ordered by the Court or agreed upon by the parties in writing. The party seeking to file the material under seal shall seek leave of court to do so and specify the underlying basis for the confidentiality designation. Only the Court, counsel of record for the respective parties, as well as the parties, shall have access to such confidential information.

7. The parties and their attorneys agree that any document or information submitted as "CONFIDENTIAL" pursuant to paragraph 1, above, is to be treated as such until the parties agree otherwise in writing or until the Court otherwise orders. If a party objects to the designation by another party of documents or information as "CONFIDENTIAL" such objecting party shall have twenty (20) days from receipt of such designation to contact the producing party to negotiate or reject the designation. If the parties cannot agree on the designation, the objecting party shall have ten (10) days to file an appropriate request for the Court to rule that the disputed information or documents should not be subject to the protection of this Order.

8. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of the individual or entity asserting confidential treatment with respect to any confidential information designated by said individual or entity in accordance with paragraph 1 above.

9. All persons having knowledge of, access to, or possession of any confidential information as a result of this litigation shall refrain from disclosing any portion of such information to any other person or entity except as otherwise permitted by this Agreed Protective Order, by this Court, or by the parties in writing.

10. If confidential information submitted or produced in accordance with paragraph 1, above, is disclosed to any person other than in the manner authorized by this Agreed Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment and, without prejudice to other rights and remedies of the party asserting confidential treatment, make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

11. The Court shall have power to modify this Order at the request of any party and upon a showing of good cause. The Court shall also have the power to enforce this Order in conformity with the Ohio Rules of Civil Procedure and/or other applicable law.

12. Within sixty (60) days after termination of this lawsuit, the parties shall assemble and return to the party asserting confidential treatment all items containing confidential information submitted or produced in accordance with paragraph 1, above. At the option of the party asserting confidential treatment, the parties may agree to destroy all items containing confidential information submitted or produced in accordance with paragraph 1, above. If either party elects to have its confidential information destroyed rather than returned, the other party shall send written verification that the documents have in fact been destroyed. All copies containing notes or other attorneys' work product shall be destroyed. In addition, all summaries, extracts, or

compilations taken from such confidential information shall be destroyed. This section shall apply only to the parties to this litigation but shall not apply to counsel of record, who shall be entitled to maintain their own files for their own purposes not inconsistent with the provisions of this Agreed Protective Order.

13.     This Agreed Protective Order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this Agreed Protective Order.

14.     Neither this Agreed Protective Order nor the designation of any item as confidential information shall be deemed to preclude any party from seeking, on an appropriate showing lesser or greater protection with respect to the confidentiality of any document, written discovery response, or testimony.

15.     Neither this Agreed Protective Order nor the designation of any item as "CONFIDENTIAL" shall be construed as an admission that such material, or any testimony, would be admissible in evidence in this litigation.

16.     Nothing in this Agreed Protective Order, including any action taken pursuant to its terms or inaction with respect to any designation, shall be construed as an admission that information or documents designated as "CONFIDENTIAL" is in fact confidential as to any party in this action or that such information is not available from another source.

17.     Nothing in this Agreed Protective Order shall preclude any party from using its own confidential information in any manner it chooses.

18.     It is the spirit and intent of this document to maintain confidentiality of information. Its intent is not to inhibit the parties from pursuing and presenting their case on the merits in this

1677334v1
70577.17313

litigation and in the event of a dispute about its interpretation, the interpretation shall be made with this spirit and intent considered. The Court shall have jurisdiction to adjudicate any disputes regarding interpretation of this Order.

Entered this 11th day of June 2019.

*/s/ Walter H. Rice*
Walter H. Rice, Judge

AGREED:

*/s/ Shirletta Sales (per e-mail authorization 6/7/19)*
Shirletta Sales (*pro se*)
459 Terri Court
Beavercreek, OH 45430

*Plaintiff*

*/s/ Jamie A. LaPlante*
W. Irl Reasoner, Trial Attorney (0025798)
ireasoner@baileycav.com
614.221.3155
Jamie A. LaPlante (0082184)
jlaplante@baileycav.com
614.229-3249
Jolene S. Griffith (0084940)
jgriffith@baileycav.com
614.229.3303
BAILEY CAVALIERI LLC
10 West Broad Street, Suite 2100
Columbus, Ohio 43215
Fax: 614.221.0479

*Attorneys for Defendants*

7

1677334v1
70577.17313

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| SHIRLETTA SALES, | : |
| Plaintiff, | : |
| | : Case No. 3:18-cv-00158 |
| v. | : |
| | : JUDGE WALTER H. RICE |
| I SUPPLY COMPANY, et al., | : MAGISTRATE JUDGE NEWMAN |
| Defendants. | : |

## **EXHIBIT A ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Agreed Protective Order in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Court of Common Pleas of Franklin County, Ohio, in matters relating to the Agreed Protective Order and understands that the terms of the Agreed Protective Order obligate him/her to use confidential information in accordance with the Agreed Protective Order solely for the purposes of the above-captioned action, and not to disclose any such confidential information or any information derived therefrom to any other person, firm or concern. The undersigned acknowledges that violation of the Agreed Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address:_____

Date: _____

Signature: _____

8